UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MONTEREY D., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of Social Security, <br><br> Defendant. | Case No.:  3:3:24-cv-00051-BGS <br><br> **ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE AND WITH LEAVE TO PAY THE FILING FEE** <br><br> **[ECF 2]** |

Plaintiff has filed a Complaint seeking judicial review of a decision by the Commissioner of Social Security denying disability benefits. (ECF 1.) He has not paid the civil filing fee required to commence this action, and by this motion, he moves to proceed *in forma pauperis* (IFP). (ECF 2.) For the following reasons, the motion is **DENIED** without prejudice and with leave to pay the filing fee.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a); *see* 28 U.S.C. § 1914(a) (requiring a party instituting a civil action to pay a filing fee of $350 as well as a $50 administrative fee). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the Court grants leave to proceed IFP under 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor,

>by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

The determination of indigency is in the district court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds by* 506 U.S. 194 (1993). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessitates of life." *Id.* In assessing whether a certain income level meets the poverty threshold under § 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. *McMillen v. Comm'r of Soc. Sec.*, No. 22-cv-00925-SAB, 2022 WL 4099069, * 1 (E.D. Cal. Aug. 5, 2022).

Plaintiff's IFP application indicates that his gross monthly income is $2,083.33, or $24,999.96 annually. (ECF 2 at 1.) Plaintiff's annual household gross income of $24,999.96 is significantly higher than the 2024 federal poverty guideline income for a household of one person, which is $15,060. *See* 2024 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited March 8, 2024). Plaintiff's average monthly expenses include rent, food, laundry and dry cleaning, transportation, and court fees, and total $1,500. (ECF 2 at 4-5.) Therefore, Plaintiff has approximately $500 of monthly discretionary income. Given that Plaintiff's annual income significantly exceeds the federal poverty level guidelines, and that Plaintiff has $500 of monthly discretionary income, the Court finds that Plaintiff fails to allege poverty with "particularity, definiteness, and certainty." *See Escobedo*, 787 F.3d at 1234; *see Maya v. Kijakazi*, No.:

2

23CV2108-BLM, 2023 WL 8458785, at *2 (S.D. Cal. Nov. 22, 2023) (denying the plaintiff's motion to proceed IFP when the plaintiff's annual household gross income was $32,739.60, significantly higher than the federal poverty guideline income of $19,720, his monthly expenses were $542.30 less than his monthly income, and he had land worth $30,000 and a car worth $5,000); *Campos v. Saul*, No. 1:19-cv-00248-REB, 2019 WL 13251985, *1 (D. Idaho July 11, 2019) (denying the plaintiff's motion to proceed IFP when the plaintiff's annual household gross income was $32,880 and the federal poverty guideline income was $25,750); *Johnson v. Leokane*, No. 08-00432 ACK-KSC, 2008 WL 4527065, at *3 n.2 (D. Haw. Oct. 9, 2008) (denying the plaintiff's motion to proceed IFP when the plaintiff's annual household gross income was $14,124, $2,164 more than the federal poverty guideline income that year).

Accordingly, Plaintiff's motion is **DENIED** without prejudice and with leave to pay the filing fee.

**IT IS SO ORDERED.**

Dated: March 11, 2024

Hon. Bernard G. Skomal
United States Magistrate Judge